

**SO ORDERED,**

**Judge Jamie A. Wilson**
**United States Bankruptcy Judge**
**Date Signed: September 21, 2021**

**The Order of the Court is set forth below. The docket reflects the date entered.**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI

IN RE:  TENRGYS, LLC, *et al.*,[1]     CASE NO. 21-01515-JAW
DEBTORS (Jointly Administered)     CHAPTER 11

### INTERIM ORDER AUTHORIZING DEBTORS TO USE CASH COLLATERAL
### AND SCHEDULING A FINAL HEARING

This matter is before the Court on the *Debtors' Emergency Motion to Authorize Use of Cash Collateral, and to Schedule a Final Hearing* (Dkt. # 14, the "Motion"), and the *Declaration of Richard H. Mills, Jr. in Support of Chapter 11 Petitions and First Day Motions* (Dkt. # 29, the "First Day Declaration"). Having considered the Motion, the First Day Declaration, the record herein, and the statements in support of the relief requested in the Motion at a hearing before this Court (the "Interim Hearing"), the Court finds as follows:

---

[1] Jointly administered with *In re Tellus Energy, LLC*, No. 21-01516-JAW; *In re Top Ten Holdings, LLC*, No. 21-01517-JAW; *In re Treetop Midstream Services, LLC*, No. 21-01518-JAW; *In re Acadiana Mineral Owners, LLC*, No. 21-01519-JAW; *In re Antioch Pipeline Company, LLC*, No. 21-01546-JAW; *In re BAX, LLC*, No. 21-01520-JAW; *In re BGGCO, LLC*, No. 21-01537-JAW; *In re BOE, LLC*, No. 21-01521-JAW; *In re BT Lands, LLC*, No. 21-01538-JAW; *In re BXO Lands, LLC*, No. 21-01539-JAW; *In re Cohay Conservation Area, LLC*, No. 21-01540-JAW; *In re Cohay Wildlife, LLC*, No. 21-01541-JAW; *In re Eutaw Ventures, LLC*, No. 21-01522-JAW; *In re Greenleaf CO2 Solutions, LLC*, No. 21-01542-JAW; *In re Highland Colony Capital, LLC*, No. 21-01543-JAW; *In re Jurassic Seismic Company*, No. 21-01549-JAW; *In re LASO, LLC*, No. 21-01523-JAW; *In re Leaf River Land Co., LLC*, No. 21-01544-JAW; *In re NOMS, LLC*, No. 21-01524-JAW; *In re North Cohay, LLC*, 21-01525-JAW; *In re PCE, LLC*, No. 21-01526-JAW; *In re RFND, LLC*, No. 21-01527-JAW; *In re RFS, LLC*, No. 21-01528-JAW; *In re SNPI, LLC*, No. 21-01529-JAW; *In re South Cohay, LLC*, No. 21-01530-JAW; *In re STP Ventures, LLC*, No. 21-01531-JAW; *In re Tallahala Exploration, LLC*, No. 21-01532-JAW; *In re Telpico USA, LLC*, No. 21-01533-JAW; *In re TC Energy, LLC*, No. 21-01534-JAW; *In re TPCO, LLC*, No. 21-01545-JAW; *In re WCOA, LLC*, No. 21-01535-JAW; *In re WYC Lands, LLC*, No. 21-01547-JAW; and *In re Xlake Pipeline Company, LLC*, No 21-01548-JAW.

1.      This Court has jurisdiction over this matter under 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b)(2). This Court may enter a final order consistent with Article III of the United States Constitution. Venue of this proceeding and the Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409.

2.      The Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances, and no other notice need be provided.

3.      The interim relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest, and the legal and factual bases set forth in the Motion, in the First Day Declaration, and at the Interim Hearing establish just cause for the interim relief granted herein.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the Motion is granted on an interim basis as set forth herein.

**IT IS FURTHER ORDERED AND ADJUDGED** that under Sections 361(a) and 363(c)(2) of the Bankruptcy Code, the Debtors are authorized to use cash collateral, as such term is defined in Section 363(a) of the Bankruptcy Code ("Cash Collateral") of PanAm19 Holdings, LLC ("PanAm"), if any, in the ordinary course of the Debtors' business and in a manner consistent with past practice, including (but not limited to) all of the Debtors' cash on hand as well as production revenues the Debtors earn from the operation of oil-and-gas properties in which certain of the Debtors own Working Interests, on an interim basis through and including the date of any final hearing on the Motion.

**IT IS FURTHER ORDERED AND ADJUDGED** that under Section 363(e) of the Bankruptcy Code, PanAm's interest (if any) in the Cash Collateral authorized to be used in this Interim Order is adequately protected by a substantial equity cushion as set forth in the

Motion, and no further or additional form of adequate protection need be provided for the Debtors' interim use of Cash Collateral as set forth in this Interim Order.

**IT IS FURTHER ORDERED AND ADJUDGED** that notwithstanding the relief granted in this Order and any actions taken pursuant to such relief, nothing in this Order shall be deemed: (a) an admission as to the validity of any prepetition claim against a Debtor entity; (b) a waiver of the Debtors' or any other party in interest's rights to dispute any prepetition claim on any grounds; (c) a promise or requirement to pay any prepetition claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Order or the Motion; (e) a request or authorization to assume or reject any prepetition agreement, contract, or lease pursuant to Section 365 of the Bankruptcy Code; (f) a waiver of the Debtors' or any other party in interests' rights under the Bankruptcy Code or any other applicable law; (g) a concession by the Debtors that any liens (contractual, common law, statutory, or otherwise), including for the avoidance of doubt any purported liens granted to PanAm pursuant to any applicable security documents, that may be satisfied pursuant to the relief requested in this motion are valid, and the rights of all parties in interest are expressly reserved to contest the extent, validity, or perfection or seek avoidance of all such liens. If the Court grants the relief sought herein, any payment made pursuant to this Interim Order is not intended and should not be construed as an admission to the validity of any particular claim or waiver of the Debtors' or any other party in interest's rights to subsequently dispute such claim.

**IT IS FURTHER ORDERED AND ADJUDGED** that this Interim Order is effective only from the date of entry through this Court's disposition of the Motion on a final basis; *provided that* the Court's ultimate disposition of the Motion on a final basis shall not impair or otherwise affect any action taken under this Interim Order.

**IT IS FURTHER ORDERED AND ADJUDGED** that the contents of the Motion satisfy the requirements of Fed. R. Bankr. P. 6003(b).

**IT IS FURTHER ORDERED AND ADJUDGED** that notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Fed. R. Bankr. P. 6004(a) are satisfied by such notice.

**IT IS FURTHER ORDERED AND ADJUDGED** that notwithstanding Fed. R. Bankr. P. 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon its entry.

**IT IS FURTHER ORDERED AND ADJUDGED** that the Debtors are authorized to take all reasonable actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

**IT IS FURTHER ORDERED AND ADJUDGED** that the Final Hearing to consider entry of an order granting the relief requested in the Motion on a permanent basis shall be held on **October 20 and 21, 2021 beginning at 9:00 a.m. (Central Time)**; and any objections to entry of such order shall be in writing, filed with the Court, and served upon (i) counsel to the Debtors; (ii) the U.S. Trustee; (iii) Counsel to PanAm19 Holdings, LLC, as successor lender and successor administrative agent under Tenrgys's prepetition Second Amended and Restated Credit Agreement (as amended), (iv) Davis Polk & Wardwell LLP, 450 Lexington Avenue, New York, NY 10017 (Attn: Damian Schaible, Jonah Peppiatt and Matthew Masaro) and Adams and Reese LLP, 300 Renaissance, 1018 Highland Colony Parkway, Suite 800, Ridgeland, Mississippi 39157 (Attn: Timothy Anzenberger), counsel to FS/EIG Advisor, LLC, investment adviser to FS Energy and Power Fund, sole stockholder of FSEP Investments, Inc., holder of Tenrgys's prepetition unsecured loan, (v) Newman & Newman, 587 Highland Colony Parkway, Ridgeland, MS 39157 (Attn: Walter Newman), counsel to Tellus Operating Group, LLC, an

affiliate of the Debtors and the contract operator and manager of the Debtors' businesses and properties, and (vi) those creditors holding the twenty (20) largest unsecured claims against the Debtors' estates (on a consolidated basis), in each case so as to be received **no later than 4:00 p.m. (Central Time) on October 18, 2021**.

**IT IS FURTHER ORDERED AND ADJUDGED** that the Debtors shall serve this Order within forty eight (48) hours of its entry on each of the persons identified in the preceding paragraph.

**IT IS FURTHER ORDERED AND ADJUDGED** that this Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

### ### END OF ORDER ###

**Prepared and submitted by:**

/s/ Christopher H. Meredith
Christopher H. Meredith, MSB No. 103656
COPELAND, COOK, TAYLOR & BUSH, P.A.
P.O. Box 6020
Ridgeland, MS 39158
Telephone: (601) 856-7200
Facsimile:  (601) 856-7626
cmeredith@cctb.com
*Proposed Counsel for the Debtors*