___



**SO ORDERED,**

**Judge Jamie A. Wilson**
**United States Bankruptcy Judge**
**Date Signed: September 21, 2021**

**The Order of the Court is set forth below. The docket reflects the date entered.**
___

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**

| | |
|---|---:|
| IN RE:  TENRGYS, LLC, *et al.*,[1] | CASE NO. 21-01515-JAW |
| DEBTORS (Jointly Administered) | CHAPTER 11 |

**INTERIM ORDER AUTHORIZING DEBTORS TO CONTINUE THEIR EXISTING CASH MANAGEMENT SYSTEM AND MAINTAIN EXISTING BANK ACCOUNTS, AND CONTINUE INTERCOMPANY ARRANGEMENTS, AND SCHEDULING A FINAL HEARING**

This matter is before the Court on the *Debtors' Motion for Authorization to (A) Continue Their Existing Cash Management System and Maintain Existing Bank Accounts, and (B) Continue Intercompany Arrangements* (Dkt. # 13, the "Motion")[2], and the *Declaration of Richard H. Mills, Jr. in Support of Chapter 11 Petitions and First Day Motions* (Dkt. # 29, the "First Day

___

[1] Jointly administered with *In re Tellus Energy, LLC*, No. 21-01516-JAW; *In re Top Ten Holdings, LLC*, No. 21-01517-JAW; *In re Treetop Midstream Services, LLC*, No. 21-01518-JAW; *In re Acadiana Mineral Owners, LLC*, No. 21-01519-JAW; *In re Antioch Pipeline Company, LLC*, No. 21-01546-JAW; *In re BAX, LLC*, No. 21-01520-JAW; *In re BGGCO, LLC*, No. 21-01537-JAW; *In re BOE, LLC*, No. 21-01521-JAW; *In re BT Lands, LLC*, No. 21-01538-JAW; *In re BXO Lands, LLC*, No. 21-01539-JAW; *In re Cohay Conservation Area, LLC*, No. 21-01540-JAW; *In re Cohay Wildlife, LLC*, No. 21-01541-JAW; *In re Eutaw Ventures, LLC*, No. 21-01522-JAW; *In re Greenleaf CO2 Solutions, LLC*, No. 21-01542-JAW; *In re Highland Colony Capital, LLC*, No. 21-01543-JAW; *In re Jurassic Seismic Company*, No. 21-01549-JAW; *In re LASO, LLC*, No. 21-01523-JAW; *In re Leaf River Land Co., LLC*, No. 21-01544-JAW; *In re NOMS, LLC*, No. 21-01524-JAW; *In re North Cohay, LLC*, 21-01525-JAW; *In re PCE, LLC*, No. 21-01526-JAW; *In re RFND, LLC*, No. 21-01527-JAW; *In re RFS, LLC*, No. 21-01528-JAW; *In re SNPI, LLC*, No. 21-01529-JAW; *In re South Cohay, LLC*, No. 21-01530-JAW; *In re STP Ventures, LLC*, No. 21-01531-JAW; *In re Tallahala Exploration, LLC*, No. 21-01532-JAW; *In re Telpico USA, LLC*, No. 21-01533-JAW; *In re TC Energy, LLC*, No. 21-01534-JAW; *In re TPCO, LLC*, No. 21-01545-JAW; *In re WCOA, LLC*, No. 21-01535-JAW; *In re WYC Lands, LLC*, No. 21-01547-JAW; and *In re Xlake Pipeline Company, LLC*, No 21-01548-JAW.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Motion.

Declaration"). Having considered the Motion, the First Day Declaration, the record herein, and the statements in support of the relief requested in the Motion at a hearing before this Court (the "Interim Hearing"), the Court finds as follows:

1. This Court has jurisdiction over this matter under 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b)(2). This Court may enter a final order consistent with Article III of the United States Constitution. Venue of this proceeding and the Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409.

2. The Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances, and no other notice need be provided.

3. The interim relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest, and the legal and factual bases set forth in the Motion, in the First Day Declaration, and at the Interim Hearing establish just cause for the interim relief granted herein.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the Motion is granted on an interim basis as set forth herein.

**IT IS FURTHER ORDERED AND ADJUDGED** that under Sections 105(a) and 363(c) of the Bankruptcy Code, TOG and the Debtors are authorized and empowered, but not directed, to continue to manage the Debtors' cash in accordance with the Cash Management System the Debtors maintained prior to the commencement of their Bankruptcy Cases (the "Petition Date"), and to collect, transfer, and disburse cash in accordance with the Cash Management System, including Intercompany Transactions, incurring and reconciling Intercompany Claims, and the use of the DTDF system, all as defined and described in the Motion, in each case in the ordinary course and consistent with past practice.

**IT IS FURTHER ORDERED AND ADJUDGED** that the Debtors are authorized, to the extent necessary and in the ordinary course and consistent with past practice, to obtain unsecured credit and incur unsecured debt in the ordinary operation of their Cash Management System; provided, however, without the written consent of (i) EIG and (ii) PanAm if and only if PanAm is the holder of an allowed unsecured claim against the Debtors, the Debtors shall not incur unsecured credit or debt that is either (a) outside of the ordinary course, or (b) except for Intercompany Claims, in an amount exceeding $50,000. For the avoidance of doubt, the Debtors shall not be required to obtain the written consent of EIG or PanAm (to the extent PanAm is the holder of an allowed unsecured claim) to satisfy or incur Intercompany Claims in the ordinary course of business and consistent with past practice, but all Intercompany Claims shall be subordinate to the allowed unsecured claims of EIG and PanAm, if any.

**IT IS FURTHER ORDERED AND ADJUDGED** that the Debtors are authorized, but not directed, to: (i) designate, maintain, and continue to use any or all of the following existing Bank Accounts in the names and with the account numbers existing immediately prior to the Petition Date

- Regions Bank account ***0439 in the name of Tenrgys, LLC;
- Regions Bank account ***6322 in the name of Treetop Midstream Services, LLC;
- Regions Bank account ***6349 in the name of BGGCO, LLC;
- Regions Bank account ***2957 in the name of Greenleaf CO2 Solutions, LLC;
- JPMorgan Chase Bank, N.A. account ***7964 in the name of Tenrgys, LLC; and
- JPMorgan Chase Bank, N.A. account ***5318 in the name of Tenrgys, LLC;

(ii) deposit funds in and withdraw funds from such accounts by all usual means including, without limitation, checks, wire transfers, automated clearinghouse transfers and other debits, (iii) pay any bank fees or charges associated with these Bank Accounts, and (iv) treat these prepetition Bank Accounts for all purposes as debtor-in-possession accounts.

**IT IS FURTHER ORDERED AND ADJUDGED** that TOG and the Debtors are authorized, but not directed, to continue to hold Debtor funds in, and move Debtor funds through, any or all of the following accounts in the name of TOG, as described in the Motion and in accordance with the established practices of TOG and the Debtors:

- Regions Bank account ***0682 (the Revenue Account);
- Regions Bank account ***9642 (the Lien Account); and
- Regions Bank account ***1492 (the TOG Operating Account)

(collectively, the "TOG Accounts"). Because the Lien Account is only used to hold funds reasonably estimated to be owed to and owned by the Debtors, all of the funds in the Lien Account are funds of the Debtors' estates and therefore are subject to the automatic stay as set forth in section 362(a)(3) of the Bankruptcy Code.

**IT IS FURTHER ORDERED AND ADJUDGED** that TOG and the Debtors shall maintain accurate records of all transfers within the Cash Management System (including all transactions involving any Debtor funds in any of the TOG Accounts) so that all postpetition transfers and transactions shall be adequately and promptly documented in, and readily ascertainable from, their books and records, to the same extent maintained by TOG and the Debtors prior to the Petition Date.

**IT IS FURTHER ORDERED AND ADJUDGED** that the Debtors' monthly operating reports filed in these Bankruptcy Cases shall include (a) a schedule/matrix of any Intercompany Transactions that may occur during these Bankruptcy Cases; and (b) a matrix/schedule of all receipts and disbursements and records of all transfers within the Cash Management System.

**IT IS FURTHER ORDERED AND ADJUDGED** that with respect to the Origin Collateral Account ****4647 defined and described in the Motion, the Debtors are authorized, but not directed, to (i) maintain the Origin Collateral Account in the name and with the

4

account number existing immediately prior to the Petition Date; and (ii) pay any ordinary course bank fees or charges associated with the Origin Collateral Account, but the Debtors shall not deposit funds in or withdraw funds from the Origin Collateral Account without further authorization of this Court and with the consent of EIG.

**IT IS FURTHER ORDERED AND ADJUDGED** that except as otherwise provided in this Order, all financial institutions in which the Debtors maintain the Bank Accounts as of the commencement of their Bankruptcy Cases are authorized and directed to continue to maintain, service, and administer such Bank Accounts without interruption and in the usual and ordinary course, and to receive, process, honor, and pay any and all checks, drafts, wires, or other transfers by the holders or makers thereof, as the case may be; *provided, however*, that nothing contained herein shall authorize any such financial institution to honor any check, draft, wire, or other transfer issued or dated prior to the Petition Date, except as otherwise provided by further order of this Court. In this regard, any such financial institution may rely on the representations of the Debtors with respect to whether any check, draft, wire, or other transfer drawn or issued by the Debtors prior to the Petition Date should be honored pursuant to an order of this Court, and such bank shall not have any liability to any party for relying on such representation by the Debtors as provided for herein.

**IT IS FURTHER ORDERED AND ADJUDGED** that the Debtors are authorized, but not directed, to continue to use their correspondence and business forms, including, but not limited to, purchase orders, multi-copy checks, letterhead, envelopes, promotional materials, and other business forms (collectively, the "Business Forms"), substantially in the forms existing immediately before the Petition Date, without reference to their status as debtors in possession, *provided, however*, that the Debtors shall commence marking "Debtor in Possession" and the Chapter 11 case number under which these cases are being jointly

administered on their existing check stock, business stock, and wire transfer instructions instead of having new stock printed with such marking. If and when the Debtors require new stock, they shall print "Debtor in Possession" and the Chapter 11 case number under which these cases are being jointly administered on the stock.

**IT IS FURTHER ORDERED AND ADJUDGED** that notwithstanding the relief granted in this Order and any actions taken pursuant to such relief, nothing in this Order shall be deemed: (a) an admission as to the validity of any prepetition claim against a Debtor entity; (b) a waiver of the rights of the Debtors or any other party-in-interest to dispute any prepetition claim on any grounds; (c) a promise or requirement to pay any prepetition claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Motion or any order granting the relief requested by this Motion; (e) a request or authorization to assume or reject any prepetition agreement, contract, or lease under Section 365 of the Bankruptcy Code; or (f) a waiver of the rights of the Debtors or any other party-in-interest under the Bankruptcy Code or any other applicable law.

**IT IS FURTHER ORDERED AND ADJUDGED** that this Interim Order is effective only from the date of entry through this Court's disposition of the Motion on a final basis; *provided that* the Court's ultimate disposition of the Motion on a final basis shall not impair or otherwise affect any action taken under this Interim Order.

**IT IS FURTHER ORDERED AND ADJUDGED** that the contents of the Motion satisfy the requirements of Fed. R. Bankr. P. 6003(b).

**IT IS FURTHER ORDERED AND ADJUDGED** that notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Fed. R. Bankr. P. 6004(a) are satisfied by such notice.

**IT IS FURTHER ORDERED AND ADJUDGED** that notwithstanding Fed. R. Bankr. P. 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon its entry.

**IT IS FURTHER ORDERED AND ADJUDGED** that the Debtors are authorized to take all reasonable actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

**IT IS FURTHER ORDERED AND ADJUDGED** that the Final Hearing to consider entry of an order granting the relief requested in the Motion on a permanent basis shall be held on **October 20 and 21, 2021 beginning at 9:00 a.m. (Central Time)**; and any objections to entry of such order shall be in writing, filed with the Court, and served upon (i) counsel to the Debtors; (ii) the U.S. Trustee; (iii) Counsel to PanAm19 Holdings, LLC, as successor lender and successor administrative agent under Tenrgys's prepetition Second Amended and Restated Credit Agreement (as amended), (iv) Davis Polk & Wardwell LLP, 450 Lexington Avenue, New York, NY 10017 (Attn: Damian Schaible, Jonah Peppiatt and Matthew Masaro) and Adams and Reese LLP, 300 Renaissance, 1018 Highland Colony Parkway, Suite 800, Ridgeland, Mississippi 39157 (Attn: Timothy Anzenberger), counsel to FS/EIG Advisor, LLC, investment adviser to FS Energy and Power Fund, sole stockholder of FSEP Investments, Inc., holder of Tenrgys's prepetition unsecured loan, (v) Newman & Newman, 587 Highland Colony Parkway, Ridgeland, MS 39157 (Attn: Walter Newman), counsel to Tellus Operating Group, LLC, an affiliate of the Debtors and the contract operator and manager of the Debtors' businesses and properties, and (vi) those creditors holding the twenty (20) largest unsecured claims against the Debtors' estates (on a consolidated basis), in each case so as to be received **no later than 4:00 p.m. (Central Time) on October 18, 2021.**

**IT IS FURTHER ORDERED AND ADJUDGED** that the Debtors shall serve this Order within forty eight (48) hours of its entry on each of the persons identified in the preceding paragraph.

**IT IS FURTHER ORDERED AND ADJUDGED** that this Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

### ### END OF ORDER ###

**Prepared and submitted by:**

/s/ Christopher H. Meredith
Christopher H. Meredith, MSB No. 103656
COPELAND, COOK, TAYLOR & BUSH, P.A.
P.O. Box 6020
Ridgeland, MS 39158
Telephone: (601) 856-7200
Facsimile: (601) 856-7626
cmeredith@cctb.com
*Proposed Counsel for the Debtors*

**Approved as to form only by:**

/s/ James A. McCullough II
James A. McCullough II (MSB No. 10175)
Brunini, Grantham, Grower & Hewes, PLLC
Post Office Drawer 119
Jackson, Mississippi 39205
The Pinnacle Building
190 East Capitol Street, Suite 100
Jackson, Mississippi 39201
Telephone: (601) 948-3101
Telecopier: (601) 960-6902
jmccullough@brunini.com
*Counsel for PanAm19 Holdings, LLC*