IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| **TENRGYS, LLC**, *et al.*, | § | Case No. 21-01515-JAW |
| | § | |
| Debtors.[1] | § | (Jointly Administered) |

### APPLICATION OF DEBTORS FOR AUTHORITY
### TO RETAIN AND EMPLOY WEIL, GOTSHAL & MANGES LLP
### AS ATTORNEYS FOR DEBTORS EFFECTIVE AS OF PETITION DATE

Tenrgys, LLC and its debtor-affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), respectfully represent as follows in support of this application (the "**Application**"):

### Background

1. On September 17, 2021 (the "**Petition Date**"), the Debtors each commenced with this Court a voluntary case under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**") . The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. The Debtors' chapter 11 cases are being jointly administered for procedural purposes only pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") and

---

[1] Jointly administered with *In re Tellus Energy, LLC*, No. 21-01516-JAW; *In re Top Ten Holdings, LLC*, No. 21-01517-JAW; *In re Treetop Midstream Services, LLC*, No. 21-01518-JAW; *In re Acadiana Mineral Owners, LLC*, No. 21-01519-JAW; *In re Antioch Pipeline Company, LLC*, No. 21-01546-JAW; *In re BAX, LLC*, No. 21-01520-JAW; *In re BGGCO, LLC*, No. 21-01537-JAW; *In re BOE, LLC*, No. 21-01521-JAW; *In re BT Lands, LLC*, No. 21-01538-JAW; *In re BXO Lands, LLC*, No. 21-01539-JAW; *In re Cohay Conservation Area, LLC*, No. 21-01540-JAW; *In re Cohay Wildlife, LLC*, No. 21-01541-JAW; *In re Eutaw Ventures, LLC*, No. 21-01522-JAW; *In re Greenleaf CO2 Solutions, LLC*, No. 21-01542-JAW; *In re Highland Colony Capital, LLC*, No. 21-01543-JAW; *In re Jurassic Seismic Company*, No. 21-01549-JAW; *In re LASO, LLC*, No. 21-01523-JAW; *In re Leaf River Land Co., LLC*, No. 21-01544-JAW; *In re NOMS, LLC*, No. 21-01524-JAW; *In re North Cohay, LLC*, 21-01525-JAW; *In re PCE, LLC*, No. 21-01526-JAW; *In re RFND, LLC*, No. 21-01527-JAW; *In re RFS, LLC*, No. 21-01528-JAW; *In re SNPI, LLC*, No. 21-01529-JAW; *In re South Cohay, LLC*, No. 21-01530-JAW; *In re STP Ventures, LLC*, No. 21-01531-JAW; *In re Tallahala Exploration, LLC*, No. 21-01532-JAW; *In re Telpico USA, LLC*, No. 21-01533-JAW; *In re TC Energy, LLC*, No. 21-01534-JAW; *In re TPCO, LLC*, No. 21-01545-JAW; *In re WCOA, LLC*, No. 21-01535-JAW; *In re WYC Lands, LLC*, No. 21-01547-JAW; and *In re Xlake Pipeline Company*, *LLC*, No 21-01548-JAW.

Rule 1015-1 of the Uniform Local Bankruptcy Rules for the Northern and Southern Districts of Mississippi (the "**Local Rules**"). No trustee or examiner has been appointed in these chapter 11 cases.

2. Additional information regarding the Debtors' business, capital structure, and the circumstances leading to the commencement of these chapter 11 cases is set forth in the *Declaration of Richard H. Mills, Jr. in Support of Chapter 11 Petitions and First Day Motions*, sworn to on September 18, 2021 (Docket No. 29) (the "**First Day Declaration**").[2]

## Jurisdiction

3. The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## Relief Requested

4. By this Application, pursuant to section 327(a) of the Bankruptcy Code, Bankruptcy Rules 2014 and 2016 and Local Rules 2014-1 and 2016-1, the Debtors request entry of an order authorizing the retention and employment of Weil, Gotshal & Manges LLP ("**Weil**") as attorneys for the Debtors effective as of the Petition Date.

5. The Debtors request that the Court approve the retention of Weil, under a general retainer, as their attorneys to perform the extensive legal services that will be required during these chapter 11 cases in accordance with Weil's normal hourly rates in effect when services are rendered and Weil's normal reimbursement policies. A proposed form of order approving the retention and employment of Weil is annexed hereto as **Exhibit A** (the "**Proposed Order**").

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the First Day Declaration.

2

6. In support of this Application, the Debtors submit the declaration of Alfredo R. Pérez, a partner of Weil, which is annexed hereto as **Exhibit B** (the "**Pérez Declaration**").

## Relief Requested Should Be Granted

7. Section 327(a) of the Bankruptcy Code provides that "the trustee, with the court's approval, may employ one or more attorneys . . . that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties under [the Bankruptcy Code]." 11 U.S.C. § 327(a).

## Weil's Qualifications

8. Commencing in December, 2016 Weil began advising the Debtors on certain financial matters, including reviewing strategic alternatives to deleverage the Debtors' balance sheet and possibly undertake a restructuring of the Debtors' business while preserving and maximizing the Debtors' enterprise value.  Since that time, Weil has gained an in-depth knowledge of the Debtors' businesses, capital structure, management, operations, corporate governance, and restructuring, and Weil possesses the necessary background and expertise to address the potential legal issues that may arise in the context of these chapter 11 cases.

9. The Debtors have selected Weil, to work in conjunction with Copeland, Cook, Taylor & Bush ("**CCTB**"), as their attorneys because of Weil's extensive knowledge of the Debtors' business and financial affairs, its general experience and knowledge, and, in particular, its recognized expertise in the field of debtors' protections, creditors' rights, and the administration of cases under chapter 11 of the Bankruptcy Code.  For example, Weil currently represents or has represented, among others, the following debtors and their affiliates:  CBL & Associates Properties, Inc.; Fieldwood Energy LLC; Brooks Brothers Group, Inc.; VIVUS, Inc.; CEC Entertainment, Inc.; NPC International, Inc.; Skillsoft Corporation; Chisholm Oil and Gas Operating, LLC; 24 Hour Fitness Worldwide, Inc.; Gavilan Resources, LLC; Exide Technologies,

3

LLC; Chinos Holdings, Inc.; Speedcast International Ltd.; Kingfisher Midstream LLC; EP Energy Corporation; Halcon Resources Corporation; Fusion Connect, Inc.; Insys Therapeutics, Inc.; CTI Foods, LLC; Ditech Holding Corporation; PG&E Corporation; Checkout Holding Corp.; Waypoint Leasing Holdings Ltd.; LBI Media, Inc.; Sears Holdings Corporation; Tops Holding Company LLC; Southeastern Grocers, LLC; Claire's Inc.

10. The Debtors have been informed that Alfredo R. Pérez, a partner of Weil, as well as other attorneys of Weil who will be employed in these chapter 11 cases, are members in good standing of, among others, the Bar of the State of Texas and numerous federal courts around the United States. Accordingly, Weil is both well qualified and uniquely able to represent the Debtors in their chapter 11 cases in an efficient and timely manner.

### Scope of Services

11. The services to be performed by Weil are appropriate and necessary, without duplicating the work of CCTB, to enable the Debtors to execute faithfully their duties as debtors and debtors in possession and to prosecute these chapter 11 cases. Subject to Court approval, it is proposed that Weil be employed to render the following professional services:

    a.    review on behalf of the Debtors, as debtors in possession, all necessary motions, applications, answers, orders, reports, and other papers in connection with the administration of the Debtors' estates that involve strategic advice;

    b.    consult with the Debtors and the other professionals regarding all necessary actions in connection with any chapter 11 plan and related disclosure statement and all related documents, and such further actions as may be required in connection with the administration of the Debtors' estates;

    c.    advise the Debtors on securities and tax implications related to any restructuring transaction entered into by the Debtors and the administration of the Debtors' estates; and

    d.    perform all other necessary legal services in connection with the prosecution of these chapter 11 cases; <u>provided</u> that to the extent Weil determines that such services fall outside of the scope of services

historically or generally performed by Weil as debtors' counsel in a bankruptcy case, Weil will file a supplemental declaration.

12. Based on Weil's experience and involvement with the Debtors since December, 2016, the Debtors believe it is necessary for the Debtors to employ Weil to render the foregoing professional services. Weil has stated its desire and willingness to act in these cases and render the necessary professional services as attorneys for the Debtors.

13. In addition to this Application, the Debtors have filed, or expect to file shortly, applications to employ, among others: (a) Copeland, Cook, Taylor & Bush, P.A., as co-counsel; (b) FTI Consulting, Inc., as financial advisor; and (c) Moyes & Co., as appraiser. The Debtors may also need to retain additional professionals in connection with the administration of these chapter 11 cases and the Debtors' ordinary course operations. Rather than resulting in any extra expense to the Debtors' estates, it is anticipated that the efficient coordination of efforts of the Debtors' attorneys and other professionals will greatly add to the progress and effective administration of these chapter 11 cases.

## No Duplication of Services

14. As described in the Pérez Declaration, Weil will work with the Debtors' other professionals, including CCTB, to ensure a clear delineation of each firm's respective roles in connection with representation of the Debtors in these chapter 11 cases to prevent duplication of services and ensure the case is administered in the most efficient fashion possible. It is anticipated that the efficient coordination of efforts of the Debtors' attorneys and other professionals will greatly add to the progress and effective administration of these chapter 11 cases.

## Weil's Disinterestedness

15. To the best of the Debtors' knowledge, the partners of, counsel to, and associates of Weil do not have any connection with or any interest adverse to the Debtors, their

5

creditors, or any other party in interest, or their respective attorneys and accountants, except as may be set forth herein and in the Pérez Declaration.

16. Based upon the Pérez Declaration, the Debtors believe that Weil is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code as modified by section 1107(b) of the Bankruptcy Code. The Debtors have been informed that Weil will conduct an ongoing review of its files to ensure that no disqualifying circumstances arise. If any new relevant facts or relationships are discovered, Weil will supplement its disclosure to the Court accordingly.

### Professional Compensation

17. As set forth in the Pérez Declaration, for the 90 days prior to the Petition Date, Weil received payments and advances in the aggregate amount of $225,000 for professional services performed and to be performed, including the commencement and prosecution of these chapter 11 cases. Weil has a remaining credit balance in favor of the Debtors for professional services performed and to be performed, and expenses incurred and to be incurred, in connection with these chapter 11 cases in the amount of approximately $141,000 (the "**Fee Advance**"). Weil intends to retain the balance on account for services rendered and expenses incurred subsequent to the Petition Date.

18. The Debtors understand and have agreed that Weil hereafter will apply to the Court for allowances of compensation and reimbursement of expenses in accordance with sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the *U.S. Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases*, effective November 1, 2013 (the "**U.S. Trustee Guidelines**"), and any further orders of the Court for all

professional services performed and expenses incurred after the Petition Date.

19. Subject to the provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the U.S. Trustee Guidelines, and the Orders, the Debtors propose to compensate Weil for services rendered at its customary hourly rates that are in effect from time to time, as set forth in the Pérez Declaration, and to reimburse Weil according to its customary reimbursement policies. The Debtors respectfully submit that Weil's rates and policies stated in the Pérez Declaration are reasonable.

### Weil's Employment Should be Approved *Nunc Pro Tunc* to the Petition Date

20. The Debtors request that Weil's employment be approved *nunc pro tunc* to the Petition Date.

21. Consistent with Local Rule 2014-1(c)(1), the Debtors represent as follows:

(a) This Application was as early as reasonably possible given the volume of other filings required to initiate these chapter 11 cases;

(b) Weil's employment should be approved *nunc pro tunc* to the Petition date so that Weil may be compensated for work performed for the Debtors in the early days of these chapter 11 cases without requiring Weil to seek immediate approval of its employment as a threshold matter of "genuine emergency" under Local Rule 9013-1(g)(2); and

(c) The Debtors are not aware of any reason why approval of this Application *nunc pro tunc* to the Petition Date would prejudice any parties in interest.

### Notice

22. The Debtors will provide notice of this Application to: (a) the Office of the United States Trustee for the Southern District of Mississippi; (b) the holders of the 20 largest unsecured claims against the Debtors (on a consolidated basis); (c) PanAm19 Holdings, LLC, as successor lender and successor administrative agent under Tenrgys's prepetition Second Amended

and Restated Credit Agreement (as amended), and counsel thereto; (d) FS/EIG Advisor, LLC, investment adviser to FS Energy and Power Fund, sole stockholder of FSEP Investments, Inc., holder of Tenrgys's prepetition unsecured loan, and counsel thereto; (e) Tellus Operating Group, LLC, an affiliate of the Debtors and the contract operator and manager of the Debtors' businesses and properties; (f) the United States Attorney's Office for the Southern District of Mississippi; (g) the Internal Revenue Service; (h) the Environmental Protection Agency; (i) the office of the Attorney General for the State of Mississippi; and (j) any party that has requested notice pursuant to Bankruptcy Rule 2002. The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

## No Previous Request

23.     No previous request for the relief sought herein has been made by the Debtors to this or any other court.

WHEREFORE the Debtors respectfully request entry of the Proposed Order granting the relief requested herein and such other and further relief as the Court may deem just and appropriate.

Dated: September 29, 2021

Respectfully submitted,

/s/ Christopher H. Meredith
Christopher H. Meredith, MSB No. 103656
Copeland, Cook, Taylor & Bush, P.A.
P.O. Box 6020
Ridgeland, MS  39158
Telephone:  (601) 856-7200
Facsimile:   (601) 856-7626
cmeredith@cctb.com
*Proposed Counsel for the Debtors*

## CERTIFICATE OF SERVICE

Service provided via Notice of Electronic Filing (NEF) through ECF to all parties signed up to receive such notices, including the following:

| | |
|---|---|
| Timothy J. Anzenberger | tim.anzenberger@arlaw.com |
| James A. McCullough, II | jmccullough@brunini.com |
| J. Walter Newman, IV | wnewman95@msn.com |
| Sylvie Derdeyn Robinson | bankruptcy.attorney@dor.ms.gov |
| Christopher J. Steiskal, Sr. | christopher.j.steiskal@usdoj.gov |
| United States Trustee | USTPRegion05.JA.ECF@usdoj.gov |

**THIS** the 29th day of September, 2021.

/s/ Christopher H. Meredith
*Of Counsel*