**Exhibit B**

**Pérez Declaration**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| **TENRGYS, LLC**, *et al.*, | § | Case No. 21-01515-JAW |
| | § | |
| Debtors.[1] | § | (Jointly Administered) |

### DECLARATION OF ALFREDO R. PÉREZ, IN SUPPORT OF APPLICATION OF DEBTORS FOR AUTHORITY TO RETAIN AND EMPLOY WEIL, GOTSHAL & MANGES LLP AS ATTORNEYS FOR DEBTORS EFFECTIVE AS OF PETITION DATE

I, Alfredo R. Pérez, pursuant to 28 U.S.C. § 1746, hereby declare under penalty of perjury that the following is true and correct to the best of my knowledge, information and belief:

1. I am a partner of the firm of Weil, Gotshal & Manges LLP ("**Weil**" or the "**Firm**"). Weil is an international law firm with principal offices at 767 Fifth Avenue, New York, New York 10153 and regional offices in Washington, D.C.; Houston and Dallas, Texas; Miami, Florida; Boston, Massachusetts; Princeton, New Jersey; Redwood Shores, California; and foreign offices in London, United Kingdom; Frankfurt and Munich, Germany; Paris, France; and Beijing, Hong Kong and Shanghai, China.

---

[1] Jointly administered with *In re Tellus Energy, LLC*, No. 21-01516-JAW; *In re Top Ten Holdings, LLC*, No. 21-01517-JAW; *In re Treetop Midstream Services, LLC*, No. 21-01518-JAW; *In re Acadiana Mineral Owners, LLC*, No. 21-01519-JAW; *In re Antioch Pipeline Company, LLC*, No. 21-01546-JAW; *In re BAX, LLC*, No. 21-01520-JAW; *In re BGGCO, LLC*, No. 21-01537-JAW; *In re BOE, LLC*, No. 21-01521-JAW; *In re BT Lands, LLC*, No. 21-01538-JAW; *In re BXO Lands, LLC*, No. 21-01539-JAW; *In re Cohay Conservation Area, LLC*, No. 21-01540-JAW; *In re Cohay Wildlife, LLC*, No. 21-01541-JAW; *In re Eutaw Ventures, LLC*, No. 21-01522-JAW; *In re Greenleaf CO2 Solutions, LLC*, No. 21-01542-JAW; *In re Highland Colony Capital, LLC*, No. 21-01543-JAW; *In re Jurassic Seismic Company*, No. 21-01549-JAW; *In re LASO, LLC*, No. 21-01523-JAW; *In re Leaf River Land Co., LLC*, No. 21-01544-JAW; *In re NOMS, LLC*, No. 21-01524-JAW; *In re North Cohay, LLC*, 21-01525-JAW; *In re PCE, LLC*, No. 21-01526-JAW; *In re RFND, LLC*, No. 21-01527-JAW; *In re RFS, LLC*, No. 21-01528-JAW; *In re SNPI, LLC*, No. 21-01529-JAW; *In re South Cohay, LLC*, No. 21-01530-JAW; *In re STP Ventures, LLC*, No. 21-01531-JAW; *In re Tallahala Exploration, LLC*, No. 21-01532-JAW; *In re Telpico USA, LLC*, No. 21-01533-JAW; *In re TC Energy, LLC*, No. 21-01534-JAW; *In re TPCO, LLC*, No. 21-01545-JAW; *In re WCOA, LLC*, No. 21-01535-JAW; *In re WYC Lands, LLC*, No. 21-01547-JAW; and *In re Xlake Pipeline Company, LLC*, No 21-01548-JAW.

2. I submit this declaration (this "**Declaration**") in connection with the Application submitted on the date hereof (the "**Application**"), of Tenrgys, LLC and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**") for authority to employ and retain Weil as their attorneys in the above-captioned chapter 11 cases effective as of September 17, 2021 (the "**Petition Date**"), at its normal hourly rate in effect from time to time and in accordance with its normal reimbursement policies, in compliance with sections 327(a), 329, and 504 of title 11 of the United States Code (the "**Bankruptcy Code**"), and to provide the disclosure required under Rules 2014 and 2016 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") and Rules 2014-1 and 2016-1 of the Uniform Local Bankruptcy Rules for the Northern and Southern Districts of Mississippi (the "**Local Rules**"). Unless otherwise stated in this Declaration, I have personal knowledge of the facts set forth herein. To the extent any information disclosed herein requires amendment or modification upon Weil's completion of further review, or as additional information regarding parties in interest in these chapter 11 cases becomes available, a supplemental declaration will be submitted to the Court reflecting such amended, supplemented, or otherwise modified information.

3. Neither I, Weil, nor any partner, counsel to, or associate of the Firm represents any entity other than the Debtors in connection with these chapter 11 cases. In addition, except as set forth herein, to the best of my knowledge, after due inquiry, neither I, Weil, nor any partner, counsel to, or associate of the Firm represents any party in interest in these chapter 11 cases in matters related to these chapter 11 cases.

**Weil's Disclosure Procedures**

4. Weil, which employs approximately 1,100 attorneys, has a large and diversified legal practice that encompasses the representation of many financial institutions and commercial corporations. Weil has, in the past, represented, currently represents, and may, in the future, represent, entities that are claimants or interest holders of the Debtors in matters unrelated to these chapter 11 cases. Some of those entities are, or may consider themselves to be, creditors or parties in interest in these chapter 11 cases or otherwise have interests in these cases.

5. In preparing this Declaration, I used a set of procedures developed by Weil to ensure compliance with the requirements of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules regarding the retention of professionals by a debtor under the Bankruptcy Code (the "**Firm Disclosure Procedures**"). Pursuant to the Firm Disclosure Procedures, I performed, or caused to be performed, the following actions to identify the parties relevant to this Declaration and to ascertain Weil's connection to such parties:

    a. A comprehensive list of the types of entities that may have contacts with the Debtors was developed through discussions with the Weil attorneys who have provided services to the Debtors and in consultation with the advisors to and senior management of the Debtors (the "**Retention Checklist**"). A copy of the Retention Checklist is attached hereto as **Exhibit 1**.

    b. Weil obtained information responsive to the Retention Checklist through several inquiries of the Debtors' senior management and advisors and review of documents provided by the Debtors to Weil. Weil then used that information, together with other information identified by Weil, to compile a list of the names of entities that may be parties in interest in these chapter 11 cases (the "**Potential Parties in Interest**").

    c. Weil maintains a master client database as part of its conflict clearance and billing records. The master client database includes the names of the entities for which any attorney time charges have been billed since the database was first created (the "**Client Database**"). The Client Database includes the names of all current and former clients, the names of the parties who are or were related or adverse to such current and former clients, and the names of the Weil personnel who are or were responsible for current or former matters for such clients. Weil's policy is that no new matter may be

3

       accepted or opened within the Firm without completing and submitting to those charged with maintaining the conflict clearance system the information necessary to check each such matter for conflicts, including the identity of the prospective client, the name of the matter, adverse parties, and, in some cases, parties related to the client or to an adverse party. Accordingly, the database is updated for every new matter undertaken by Weil. The accuracy of the system is a function of the completeness and accuracy of the information submitted by the attorney opening a new matter.

    d.    Weil compared the names of each of the Potential Parties in Interest to client matters in the Client Database for which professional time was recorded during the two years prior to the comparison.[2] Any matches to names in the Client Database generated by the comparison were compiled, together with the names of the respective Weil personnel responsible for the identified client matters (the "**Client Match List**").

    e.    A Weil attorney then reviewed the Client Match List and deleted obvious name coincidences and individuals or entities that were adverse to Weil's clients in both this matter and the matter referenced on the Client Match List.

    f.    Using information in the Client Database concerning entities on the Client Match List and making general and, if applicable, specific inquiries of Weil personnel, Weil verified that it does not represent and has not represented any entity on the Client Match List in connection with these chapter 11 cases.

    g.    In addition, a general inquiry was sent by electronic mail to all Weil personnel (attorneys and staff) to determine whether any such individuals or any members of their households (i) own any debt or equity securities of the Debtors; (ii) hold a claim against or interest adverse to the Debtors; (iii) are or were officers, directors, or employees of the Debtors or any of the affiliates or subsidiaries; (iv) are related to or have any connections to Bankruptcy Judges in the Southern District of Mississippi; or (v) are related to or have any connections to anyone working in the Office of the United States Trustee for Region 5 (the "**U.S. Trustee**").

---

[2]    For purposes of the Firm Disclosure Procedures, Weil considers an entity a "former client" if professional time was recorded within the past two years, but all matters for such client have since been closed. Because the Firm Disclosure Procedures only reflect client activity during the past two years, matches to client matters outside that timeframe are not reflected in this Declaration.

4

**Weil's Connections with the Debtors**

6. Weil compiled responses to the foregoing inquiries for the purpose of preparing this Declaration. Responses to the inquiry described in paragraph 5(g) above reflect that, as of the Petition Date, no Weil personnel or member of the household of any Weil personnel holds any claims against, stock of, or other interests in the Debtors and that no such individuals held significant employment with the Debtors.

7. No Weil lawyers or support staff or their family members is related to or has any other connections to Bankruptcy Judges in the Southern District of Mississippi.

8. Weil began providing legal advice to the Debtors beginning in December, 2016 in connection with a review of strategic alternatives to deleverage the Debtors' balance sheet, and explore a possible restructuring of the Debtors' business, while preserving and maximizing the Debtors' enterprise value. Weil was extensively involved in prepetition negotiations with the Debtors' major economic stakeholders in analyzing strategic alternatives with respect to the Debtors. Weil assisted with the preparation of the chapter 11 petitions, motions, and applications relating to these chapters 11 cases and their commencement.

9. I reviewed the connections between Weil and the clients identified on the Client Match List, and the connections between those entities and the Debtors. After such review, I determined, in each case, that Weil does not hold or represent an interest that is adverse to the Debtors' estates and that Weil is a "disinterested person" as such term is defined in section 101(14) of the Bankruptcy Code, as modified by section 1107(b) of the Bankruptcy Code, for the reasons discussed below.

10. Weil previously represented, currently represents, and may, in the future, represent the entities (or their affiliates) described below, in matters unrelated to the Debtors and

their chapter 11 cases.  An entity is described as a "Current Client" if Weil has any open matters for such entity or a known affiliate of such entity and attorney time charges have been recorded on any such matters within the past two years.  An entity is described as a "Former Client" if Weil represented such entity or a known affiliate of such entity within the past two years based on recorded attorney time charges on a matter, but all matters for such entity or any known affiliate of such entity have been formally closed.

11. Disclosures relating to all other categories on the Retention Checklist, attached hereto as **Exhibit 2**, are the product of implementing the Firm Disclosure Procedures (the "**Disclosure Schedule**").  Other than as disclosed herein, Weil has not represented, does not represent, and will not represent any entities listed on the Disclosure Schedule in matters directly related to the Debtors or these chapter 11 cases.

12. To the best of my knowledge and information, the annual fees for each of the last two years paid to Weil by any party on the Client Match List or its affiliates did not exceed 1% of the Firm's annual gross revenue.  In the event there is a dispute between the Debtors or any of the aforementioned parties, Weil will not represent the Debtors in any matter adverse to such parties.  Any and all such matters will be handled by a separate conflicts counsel if necessary.

13. In addition to the foregoing, through diligent inquiry, I have ascertained no connection, as such term is used in section 101(14)(C) of the Bankruptcy Code, as modified by section 1107(b) of the Bankruptcy Code, and Bankruptcy Rule 2014(a), between Weil and (i) the U.S. Trustee or any person employed by the U.S. Trustee, (ii) any attorneys, accountants, or financial consultants in these chapter 11 cases, or (iii) any investment bankers who represent or may represent the Debtors, claimants, or other parties in interest in these chapter 11 cases, except as set forth herein and on the Disclosure Schedule.

14. As part of its practice, Weil appears in cases, proceedings, and transactions involving many different attorneys, accountants, financial consultants, and investment bankers, some of whom now, or may in the future, represent claimants and other parties in interest in these chapter 11 cases. Weil has not represented, and will not represent, any such parties in relation to the Debtors or their chapter 11 cases. Weil does not have any relationship with any such attorneys, accountants, financial consultants, or investment bankers that would be adverse to the Debtors or their estates.

15. Additionally, Weil has represented, and may currently represent, entities that hold, or may in the future hold, certain of the Debtors' debt in beneficial accounts on behalf of unidentified parties. Because distressed debt is actively traded in commercial markets, Weil may be unaware of the actual holder of such debt at any given moment. Weil also represents numerous entities in unrelated matters that may buy and/or sell distressed debt, claims, or equity interests of chapter 11 debtors. Moreover, from time to time, Weil is engaged by various entities that buy and/or sell distressed debt to analyze the capital structure of a distressed company based on a review of publicly available information. The Firm does not undertake such reviews after it has been engaged to represent any such company, including the Debtors, and does not view any public debt review as an adverse representation to the Debtors. Similarly, as a large firm, Weil may represent creditors/investors of or parties interested in investing in one or more parties in interest in these chapter 11 cases. Weil does not believe these relationships represent interests adverse to the estates.

16. Certain of the parties in interest in these chapter 11 cases are or were from time to time, members of ad hoc groups or official creditors' committees represented by Weil in matters unrelated to these chapter 11 cases. In such instances, Weil only represented the committee

or group and did not represent the creditors in their individual capacities, and no attorney-client relationship exists or existed between Weil and such parties in interest unless specifically noted. Weil does not and will not represent any of these parties in connection with these chapter 11 cases.

17. Despite the efforts described herein to identify and disclose Weil's connections with the parties in interest in these chapter 11 cases, and because the Debtors have numerous relationships, Weil is unable to state with certainty that every client relationship or other connection has been disclosed. Therefore, Weil will continue to apply the Firm Disclosure Procedures. If any new material, relevant facts, or relationships are discovered or arise, Weil will promptly file a supplemental disclosure with the Court.

### Weil is Disinterested

18. Based on the foregoing, insofar as I have been able to ascertain after diligent inquiry, I believe Weil does not hold or represent an interest adverse to the Debtors' estates in the matters upon which Weil is to be employed and that Weil is "disinterested" as such term is defined in section 101(14) of the Bankruptcy Code, as modified by section 1107(b) of the Bankruptcy Code.

### Weil Retainer, Rate and Billing Practices

19. Weil is not a creditor of the Debtors. During the 90-day period prior to the Petition Date, Weil received payments and advances in the aggregate amount of $225,000 for services performed and expenses incurred, and also to be performed and incurred, including in preparation for the commencement of these chapter 11 cases. As of the Petition Date, Weil held an advance payment retainer of approximately $141,000, subject to any amounts Weil intends to apply against the retainer as set forth in the Application.

20. Weil intends to charge the Debtors for services rendered in these chapter 11 cases at Weil's normal hourly rates in effect at the time the services are rendered. Weil's current customary hourly rates, subject to change from time to time, are $1,150.00 to $1,795.00 for partners and counsel, $630.00 to $1,100.00 for associates, and $260.00 to $460.00 for paraprofessionals.

21. Weil also intends to seek reimbursement for expenses incurred in connection with its representation of the Debtors in accordance with Weil's normal reimbursement policies, subject to any modifications to such policies that Weil may be required to make to comply with orders of this Court, the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and the *U.S. Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases,* effective November 1, 2013 (the "**U.S. Trustee Guidelines**"). Weil's disbursement policies pass through all out-of-pocket expenses at actual cost or an estimated actual cost when the actual cost is difficult to determine. For example, with respect to duplication charges, Weil will charge $.10 per printed black and white page and $.50 per color page because the actual cost is difficult to determine. Similarly, as it relates to computerized research, Weil believes that it does not make a profit on that service as a whole, although the cost of any particular search is difficult to ascertain. Other reimbursable expenses (whether the service is performed by Weil in-house or through a third-party vendor) include facsimiles, overtime, overtime meals, deliveries, court costs, cost of food at meetings, transcript fees, travel fees, and clerk fees.

22. No promises have been received by Weil, or any partner, counsel, or associate of Weil, as to payment or compensation in connection with these chapter 11 cases other than in accordance with the provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local

9

Rules, and the U.S. Trustee Guidelines.  Furthermore, Weil has no agreement with any other entity to share compensation received by Weil or by such entity.

23. The Application requests approval of Weil's retention on rates, terms, and conditions consistent with what Weil charges non-chapter 11 debtors, namely, prompt payment of Weil's hourly rates, as adjusted from time to time, and reimbursement of out-of-pocket disbursements at cost or based on formulas that approximate the actual cost where the actual cost is not easily ascertainable.  Subject to these terms and conditions, Weil intends to apply for allowance of compensation for professional services rendered in these chapter 11 cases and for reimbursement of actual and necessary expenses relating thereto, in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the U.S. Trustee Guidelines, and any other applicable procedures and orders approved by the Court.

### Coordination with Other Professionals for the Debtors

24. Weil is aware that the Debtors have submitted, or intend to submit, separate applications to retain, among others:  (a) Copeland, Cook, Taylor & Bush, P.A. ("**CCTB**"), as co-counsel; (b) FTI Consulting, Inc., as financial advisor; and (c) Moyes & Co., as appraiser.  The Debtors may also file applications to employ additional professionals.  Importantly, Weil has been and will continue coordinating with CCTB and the Debtors to prevent duplication of services between Weil and other professionals in these chapter 11 cases.  In light of those efforts, I believe that the efficient coordination of efforts of the Debtors' attorneys and other professionals will add to the progress and effective administration of these chapter 11 cases.

**Attorney Statement Pursuant to U.S. Trustee Guidelines**

25. The following is provided in response to the request for additional information set forth in Appendix B, Paragraph D.1 of the U.S. Trustee Guidelines.

**Question:** Did you agree to any variations from, or alternatives to, your standard or customary billing arrangements for this engagement?

**Response:** No.

**Question:** Do any of the professionals included in this engagement vary their rate based on the geographic location of the bankruptcy case?

**Response:** No.

**Question:** If you represented the client in the twelve (12) months prepetition, disclose your billing rates and material financial terms for the prepetition engagement, including any adjustments during the twelve (12) months prepetition. If your billing rates and material financial terms have changed postpetition, explain the difference and the reasons for the difference.

**Response:** Weil represented the Debtors for approximately 57 months prior to the Petition Date. From January 2021 through Petition Date, Weil's hourly rates were $1,200 to $1,795 for partners and counsel, $630 to $1,100 for associates, and $260 to $460 for paraprofessionals.

**Question:** Has your client approved your prospective budget and staffing plan, and, if so, for what budget period?

**Response:** Generally, only one partner and, at times, one associate has provided advice on this matter. Weil has discussed with the Debtors and, based on those discussions, Weil anticipates incurring about 30 to 50 hours per month.

26. The foregoing constitutes the statement of Weil pursuant to sections 327(a), 329, and 504 of the Bankruptcy Code, Bankruptcy Rules 2014 and 2016, and Local Rules 2014-1 and 2016-1, which is true to the best of my knowledge, information, and belief.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: September 29, 2021
      Houston, Texas

                                          /s/ Alfredo R. Pérez
                                          Alfredo R. Pérez
                                          Partner, Weil, Gotshal & Manges LLP

11

**Exhibit 1**

**Retention Checklist**

- Debtors and Non-Debtor Affiliates
- Current and Former Directors/Managers/Officers (up to three years)
- First Lien Lender
- Term Loan Lender and Administrative Agent
- Top 20 Unsecured Creditors
- Professionals
- Governmental Authorities
- Utility Companies
- Insurance Providers
- Taxing Authorities
- Litigation Parties
- Lessors
- Other Potential Parties in Interest

**Exhibit 2**

**Disclosure Schedule**

**Disclosure Schedule**

| Matched Entity | Relationship to Debtors | Relationship to Weil |
|---|---|---|
| ADP<br>ADP Screening & Selection Services | Creditor | **Related to Former Client** |
| American International Group, Inc. | Insurer | **Current Client**<br>**Affiliate or Subsidiary of Current Client** |
| Baker Hughes Holdings, LLC<br>Baker Hughes Oilfield Operations, LLC | Creditor | **Affiliate or Subsidiary of Current Client or Related to Current Client** |
| Energy Services South, LLC | Creditor | **Current Client** |
| Ernst & Young US LLP | Creditor | **Affiliate or Subsidiary of Current Client** |
| FS Energy & Power Fund<br>FSEP Investments, Inc. | Term Loan Lender | **Affiliate or Subsidiary of Current Client**<br>**Affiliate or Subsidiary of Former Client**<br>**Related to Current Client**<br>**Related to Former Client** |
| FTI Consulting, Inc. | Debtors' Retained Professionals (Financial Advisor) | **Former Client** |
| The Hartford | Insurer | **Affiliate or Subsidiary of Current Client**<br>**Related to Current Client** |
| JPMorgan Chase Bank, N.A. | Creditor | **Current Client**<br>**Affiliate or Subsidiary of Current Client**<br>**Related to Current Client** |
| Linklaters LLP | Creditor | **Current Client** |

2

| Matched Entity | Relationship to Debtors | Relationship to Weil |
|---|---|---|
| National Union Fire Insurance Co. of Pittsburgh, PA<br><br>The Insurance Company of the State of Pennsylvania | Insurer | **Affiliate or Subsidiary of Current Client** |
| Riverstone Equity Partners, LP | Creditor | **Former Client** |
| RKH Specialty | Insurer | **Affiliate or Subsidiary of Current Client** |
| S&P Global Platts | Creditor | **Affiliate or Subsidiary of Current Client** |
| Sun Life Assurance Co. of Canada | Creditor | **Affiliate or Subsidiary of Current Client** |
| Wilmington Trust | Administrative Agent | **Affiliate or Subsidiary of Current Client** |
| Zurich American | Insurer | **Affiliate or Subsidiary of Current Client** |